IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PANUBHAI KANJIBHAI PATEL, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>ERIC HOLDER, ET AL., )<br>    Defendants. ) | No. 3:10-CV-1370-M |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a native and citizen of India. He is currently in custody awaiting removal from the United States. He claims his continued detention violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). He has also filed a motion for stay of deportation.

The Court finds the current petition is duplicative of an earlier filed petition in the United States District Court, Northern District of Texas, Abilene Division. *See Patel v. Holder*, 1:10-CV-0079-C. That case is currently pending. The Court therefore recommends that this case be dismissed as duplicative.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition and motion for stay be dismissed.

Signed this 7th day of February, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).